Filed 3/5/13  P. v. Duran CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DAVID BARBA DURAN,<br><br>        Defendant and Appellant. | D062133<br><br><br>(Super. Ct. Nos. JCF25723 & JCF25259) |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher W. Yeager, Judge.  Affirmed.

David Barba Duran appeals from the judgment entered following revocation of probation previously granted after his plea of no contest to inflicting corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a)).  Duran received a four-year prison term after the revocation.

FACTS

On July 26, 2010, Duran entered a negotiated no contest plea to inflicting corporal injury on Miriam Gallegos, who had sustained a broken ankle three months earlier during an argument.  Gallegos subsequently recanted her initial statements to police.  As part of the plea bargain, a misdemeanor battery count and two prior prison term allegations were dismissed.  The parties also agreed to Duran being placed on formal probation for three years.

At the sentencing hearing on August 25, the court suspended imposition of sentence and placed Duran on formal probation for three years under standard probationary conditions, including staying in regular contact with his probation officer, paying the imposed fines and obeying all laws.

On March 28, 2011, Duran's probation officer filed a petition for revocation of probation.  As amended, the petition alleged Duran had not (1) reported as directed to the probation officer, (2) obeyed all laws and (3) paid fines totaling $310.  Duran denied the allegations of the petition.

At trial, Horacio Carranza, Duran's probation officer, testified he met with Duran in August 2010 and reviewed his probation conditions.  Carranza also told Duran to report to him each month by phone.  Duran did not report to Carranza other than calling him in October 2010 and once after the probation violation notice was filed.  Carranza also testified Duran had not made any payments on his fines.

Five law enforcement members of the Imperial Valley Street Interdiction Team testified about a probation compliance check on Duran and Gallegos's residence on

2

March 25. Duran and Gallegos were standing outside the residence when the team members arrived and said they were going to check the house. Gallegos became somewhat hysterical, and her teenage daughter ran into the house and grabbed a woman's white sweater and a tan purse. Police retrieved these items from the teenager. Inside the sweater was a baggie containing 32 bindles of methamphetamine and more than $200. Inside the purse were Gallegos's driver's license and a scale with white residue on it. Gallegos and Duran were taken into custody, and, during the booking process, authorities found one bindle in Duran's right front pocket. Also, during the booking process, Gallegos and Duran discussed the white sweater and Duran was heard making an incriminating remark.

The trial court found Duran had violated the conditions of his probation by failing to (1) report to the probation officer, (2) obey all laws, and (3) pay his fines. Subsequently, the court revoked probation and sentenced Duran to the upper term of four years. The court said it was imposing the upper term on the basis of Duran's criminal history.

DISCUSSION

Appointed appellate counsel has filed a brief setting forth evidence in the superior court. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to as possible, but not arguable, issues: (1) whether the trial court allowed inadmissible hearsay; (2) whether there was sufficient evidence to revoke Duran's probation; (3) whether the court erred by not reinstating

3

probation; (4) whether the court improperly imposed the maximum sentence; and (5) whether the court imposed proper credits, fines and fees.

We granted Duran permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Competent counsel has represented Duran on this appeal.

DISPOSITION

The judgment is affirmed.

McINTYRE, Acting P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.